UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DISABILITY RIGHTS WASHINGTON,

Plaintiff,

vs.

LINDA ROLFE, in her official capacity as Director of Division of Developmental Disabilities, and WASHINGTON DIVISION OF DEVELOPMENTAL DISABILITIES,

Defendants.

No. ___________________

COMPLAINT

COMES NOW the plaintiff by and through its attorney, and as for its cause of action against the defendants, states and alleges as follows.

## I. PRELIMINARY STATEMENT

1. This civil rights action seeks injunctive and declaratory relief to enjoin Defendants Division of Developmental Disabilities (hereinafter DDD) and its Director, Linda Rolfe, from restricting or interfering with full, complete, and meaningful access of Disability Rights Washington to those individuals with disabilities in the State of Washington, or where applicable, their legal guardians, who are denied or terminated from DDD services based upon their disability. Such access is mandated by the Developmental Disabilities Assistance and Bill

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

of Rights Act (hereinafter the DD Act) of 1975, 42 U.S.C. §15041, *et seq*., and the regulations promulgated thereto and violation of this right to access information violates 42 U.S.C. § 1983.

## II. JURISDICTION AND VENUE

2. This action arises under the laws of the United States. Plaintiff DRW seeks declaratory and injunctive relief pursuant to, the DD Act, 42 U.S.C. §15041, the PAIMI Act, 42 U.S.C. § 10801, and the PAIR Act, 29 U.S.C. § 794e, to redress the interference, by Defendant, in DRW's ability to carry out the function of the protection and advocacy system for Washington State by denying DRW the access to individuals with mental illness, and their records that it needs to conduct a full and meaningful investigation in to potential abuse and neglect.

3. Jurisdiction in this matter is asserted pursuant to 28 U.S.C. §§ 1331, 2201 for causes of action arising under the Constitution and federal statutory and common laws of the United States.

4. The rights which the plaintiff seeks to enforce are guaranteed by Congress through the mandates set forth in the DD Act, 42 U.S.C. §15041, the PAIMI Act, 42 U.S.C. § 10801, and the PAIR Act, 29 U.S.C. § 794e. These Acts establish a mandate for DRW to protect and advocate for individuals with developmental, mental, sensory, and physical disabilities who have been abused, neglected, or had their rights otherwise violated.

5. This Honorable Court also has authority pursuant to 28 U.S.C. §§ 2201 and 2202 to enter declaratory judgments declaring the rights and other legal relations of parties to the action.

6. An award of monetary damages is inadequate as plaintiff suffers and will continue to suffer irreparable harm from defendants' actions, inactions, policies, and procedures and the violations complained herein.



Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) as all parties reside in the State of Washington and Plaintiff's claim for relief arises within this state. Defendants performed the acts and omissions complained of herein in the State of Washington in this district. This District provides the most convenient forum for the litigation of these issues.

## III. PARTIES

**Plaintiff**

**Disability Rights Washington**

8. Plaintiff DRW, a nonprofit corporation duly organized under the laws of the State of Washington, is the statewide protection and advocacy system designated by the Governor of the State of Washington to protect and advocate for the legal and civil rights of those citizens of this state who have disabilities, pursuant to the DD Act, 42 U.S.C. § 15041 *et seq.*, the PAIMI Act, 42 U.S.C. § 10801 *et seq.*, and the PAIR Act, 29 U.S.C. § 794e. R.C.W. 71A.10.080(2). DRW maintains its offices at 315 5th Avenue South, Suite 850, Seattle, Washington, 98104.

9. As the duly designated statewide protection and advocacy system for individuals with disabilities in the State of Washington, DRW has the authority and responsibility to pursue legal, administrative, and such other appropriate remedies or relief as may be necessary to protect and advocate for the rights of those persons within the State of Washington who are, or who may be eligible for treatment, services, or habilitation due to their physical and/or mental disabilities pursuant to the DD Act, 42 U.S.C. § 15043, the PAIMI Act, 42 U.S.C. § 108051, and the PAIR Act, 29 U.S.C. § 794e (f).

10. In its capacity as the designated protection and advocacy system for the State of Washington, DRW is entitled to access all persons with disabilities, individually or as a group,

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

receiving services in the State of Washington in order to adequately and meaningfully protect their rights pursuant to federal and state statutes in regard thereto. 42 C.F.R. § 51.2

11. DRW has and will continue to suffer irreparable harm as a result of Defendants' actions or inactions absent preliminary and permanent relief.

**Defendants**

**A. Division of Developmental Disabilities**

12. Defendant DDD is the Washington State agency designated to administer or supervise the administration of services to individuals with intellectual disabilities. As such, DDD administers federal and state funds in operating services in a way that ensures compliance with state and federal constitutional and statutory protections for individuals with developmental disabilities.

**B. DDD Director Linda Rolfe, in her official capacity**

13. Defendant Linda Rolfe is sued in her official capacity as Director of DDD. Defendant Rolfe's administrative office is located in Olympia, Washington.

14. Defendant Rolfe, in her official capacity, has at all times relevant herein acted under color of state law and has exercised general responsibility, supervision, and oversight of the policies, practices, and operations of DDD. Defendant Rolfe's responsibilities include overseeing staff responsible for disclosure of information maintained by or otherwise available to DDD.

## IV. FACTUAL ALLEGATIONS

15. At all times relevant herein, Disability Rights Washington has been, and is, designated by the Governor of the State of Washington as the protection and advocacy system for those citizens of this state who have mental, developmental, and physical disabilities.

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

16. Disability Rights Washington, like each of the protection and advocacy agencies currently operating in the other forty-nine states, the federal protectorates (American Samoa, the Commonwealth of the North Mariana Islands, Guam, Puerto Rico, the Republic of Pilau, and the United States Virgin Islands), and the District of Columbia, operates under the mandates of the DD Act, 42 U.S.C. § 15041 *et seq.*, the PAIMI Act, 42 U.S.C. § 10801 *et seq.*, and the PAIR Act, 29 U.S.C. § 794e *et seq.*

17. As a result of the extensive congressional hearings preceding each of the aforesaid statutory enactments, Congress found that there had been an extensive history of unlawful discriminatory segregation, extraordinary maltreatment, financial exploitation, neglect, and physical abuse of individuals with disabilities throughout the United States.

18. The federal laws that established the protection and advocacy systems were created in direct response to the need for independent advocacy services for individuals with disabilities who were not getting adequate services from state operated programs. *See e.g.*, 42 U.S.C. §10501 (11)-(12).

19. The Protection and Advocacy Acts (P&A Acts) require that each state, in exchange for receipt of certain federal financial assistance, "effect a system to protect and advocate for the rights of persons" with disabilities and further specify that these systems must have the authority to investigate and pursue legal and other appropriate remedies for those persons. The DD Act, 42 U.S.C. § 15041 *et seq.*, the PAIMI Act, 42 U.S.C. § 10801 *et seq.*, and the PAIR Act, 29 U.S.C. § 794e *et seq*.

20. The Washington State legislature provided for such a system with the enactment of R.C.W. 71A.10.080. Specifically, under the provisions of R.C.W. 71A.10.080(1), the designated protection and advocacy agency "shall have the authority to pursue legal,

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

administrative, and other appropriate remedies to protect the rights of the developmentally disabled, and to investigate allegations of abuse and neglect."

21. Disability Rights Washington, in accordance with its congressional mandates, duties, and responsibilities as the designated protection and advocacy agency for Washington, employs attorneys and advocates to provide protection and advocacy services to people in Washington who have mental, developmental, physical, and sensory disabilities.

22. Defendants administer Washington's social service programs designed specifically to meet the need of individuals with developmental disabilities.

23. Residents of Washington with developmental disabilities who seek to receive services to meet their needs, must meet DDD's eligibility criteria in order to receive services administered by DDD.

24. Washington statute RCW 71A.10.020 (4) provides that eligibility for DDD services can be established by showing an individual's disability is caused by any number of conditions, including:

- intellectual disability,
- cerebral palsy,
- epilepsy,
- autism, or
- another neurological condition, or
- other condition of an individual found by the secretary to be closely related to an intellectual disability or to require treatment similar to that required for individuals with intellectual disabilities.

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

25. Disability Rights Washington requested contact information for individuals who have been or will be denied services or terminated from existing services under the final "other conditions" eligibility category.

26. The reason for this request is that due to reports Disability Rights Washington has received and information it has obtained it has probable cause to believe the last category listed, "other conditions," is now illusory for a vast number of individuals who were previously eligible. These individuals are now prevented from showing they have a developmental disability because they have a diagnosis which the DDD has disallowed coverage, but which nevertheless meets state and federal statutory requirements. These individuals need the essential services they have either requested or have been receiving for years from DDD. Such categorical exclusions violate federal anti-discrimination laws and Medicaid.

27. DDD maintains a list of disabilities which are categorically excluded from being considered under the "other conditions" eligibility category. The list was created by DDD's Other Conditions Determination Committee (hereinafter OCDC).

28. The committee's measuring stick for an acceptable "other condition" is one in which the specific diagnosis *by definition* results in intellectual and functional deficits similar to the deficits identified for intellectual disability in each and every person who is diagnosed with the condition in question. The condition is excluded if not every person with the condition has the same level of disability as a person with intellectual disabilities.

29. With respect to such conditions in which not each and every person with the condition is affected to the same sever degree, no one may use the diagnosis of that condition to qualify for services, no matter how significant that individual's intellectual and functional deficits may be.

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

30. It is unlawful discrimination for the department to disregard the intellectual and functional deficits of all individuals with traumatic brain injuries, static encephalopathy, Prader-Willi syndrome, fetal alcohol spectrum disorder, and numerous other conditions that typically result in similar disabilities and support needs as those with intellectual disabilities.

31. DDD "may not, directly or through contractual or other arrangements, utilize criteria or methods of administration: ¶ (i) That have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability; ¶ (ii) [or] That have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of [DDD's] program with respect to individuals with disabilities. . . ." 28 C.F.R. § 35.130(b)(3) (emphasis added); see also 28 C.F.R. § 41.51(b)(3)(i); 45 C.F.R. § 84.4(b)(4) (Section 504).

32. The Other Conditions Determination Committee's decision to categorically exclude people from consideration on the basis that in order to qualify for services you must have a disability which affects all people to the same significant level without assessing individual need is discriminatory on the basis of disability and impairs, if not completely defeats, DDD's delivery of services to people who otherwise qualify for DDD programs.

33. DDD's use of the OCDC's exclusionary list also violates the federal Medicaid Act mandate that participating states provide Early and Periodic Screening Diagnostic and Treatment (EPSDT) services. Under EPSDT, the state must provide services necessary to correct or ameliorate the conditions of Medicaid coverable individuals under the age of 21, regardless of DDD eligibility. 42 U.S.C. § 1396d(r)(5).

34. DDD eligibility rules must be met to access all services administered by DDD including but not limited to Washington's Intermediate Care Facilities (ICFs). RCW 71A.16.020.

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

35. DDD eligibility rules must also be met to access Washington's DDD administered Home and Community Bases Services (HCBS) waivers. WAC 388-845-0030.

36. Therefore, the OCDC's exclusion of various diagnoses also violates Medicaid rules for ICFs and comparability. 42 U.S.C. § 1396d(d); 42 C.F.R. § 440.150 (a)(2); 42 C.F.R. §440.230.

37. Similar to the Washington statute, Medicaid provides that if ICF services are offered by a state, they must be provided to people with "related conditions".

38. Medicaid's regulatory guidance does not allow for categorical exclusions based upon disability. 42 U.S.C. § 1396d(d); 42 C.F.R. § 440.150 (a)(2).

39. Medicaid requires that sufficient services be provided and that individuals not experience discrimination based on diagnosis. 42 C.F.R. §440.230.

40. While Washington has a waiver of comparability in its HCBS waivers, the categorical exclusions of the Other Conditions Determination Committee that have been generated since 2010 go far beyond the scope of the comparability waiver requested in 2008. HCBS Waiver Application version 3.3, Appendix B, a true and correct copy is attached as Exhibit A.

41. Finally, the Affordable Care Act requires Maintenance of Effort which precludes states from narrowing the eligibility for their HCBS and ICF programs. See August 5, 2011, State Medicaid Director Letter, a true and correct copy is attached as Exhibit B.

42. Disability Rights Washington and others have pointed out to the department that its repeated efforts to restrict access to services violate the Maintenance of Efforts requirement. *See* November 4, 2009 letter from DRW to Janet Adams, DDD, a true and correct copy is

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

attached as Exhibit C; and March 24, 2009 letter from DRW, NJP, and CLS to DSHS rules coordinator, a true and correct copy is attached as Exhibit D.

43. Repeated and/or egregious rights violations constitute abuse under the P&A Acts. 62 FR 53548, 53551.

44. Failure to provide necessary services when legally required to do so constitutes neglect under the P&A Acts. 45 C.F.R. § 1386.19.

45. In light of the repeated and egregious potential violations of legal rights by Defendants and the likelihood of extreme irreparable harm experienced by applicants when Defendants withhold necessary services, Disability Rights Washington determined it had probable cause to suspect possible abuse and neglect of individuals with developmental disabilities affected by Defendants' categorical exclusions.

46. Disability Rights Washington is the final arbiter of what constitutes probable cause for the purposes of initiating an abuse and neglect investigation.

47. On December 21, 2011, Disability Rights Washington requested the names and contact of individuals affected by Defendants' categorical exclusion based upon diagnosis. Disability Rights Washington also requested the name and contact information of any guardians for those individuals. This written request for access cited legal authority. The letter included specific support for the release of names and contact information for individuals with whom the protection and advocacy system was not yet in direct contact, but who are affected by abusive or neglectful policies or practices. A true and correct copy is attached as Exhibit E.

48. On December 23, 2011, Defendants wrote to indicate they were denying Disability Rights Washington's request. A true and correct copy is attached as Exhibit F. The denial of access provided three rationales:

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

49. DDD asserts that the access agreement between Disability Rights Washington and DDD prevents the department from disclosing the names of individuals who are not current DDD clients.

50. DDD asserts that the access authority provided by the DD Acts is limited to individuals with which Disability Rights Washington has a relationship

51. DDD asserts that it is not required to provide information about individuals who will be terminated in their next review, because the department believes the likelihood for termination is speculative and thus the request is premature.

52. On December 27, 2011, Disability Rights Washington provided a written reply to each of DDD's reasons for not providing the requested names and contact information. A true and correct copy is attached as Exhibit G.

53. First, Disability Rights Washington pointed out to DDD that the agreement referenced in DDD's letter is merely intended to operationalize the provisions of the DD Act. The agreement itself acknowledges that it does not limit the authority and obligations generated by the Act in any way. Access Agreement Between WPAS[1] and DDD § I.B.

54. Nowhere does federal law limit the duty of disclosure of information to entities currently serving the individual.

55. Second, in both its December 21st and 27th letters, Disability Rights Washington explained to DDD that its access authority is not limited to individuals with which it has established a relationship. Disability Rights Washington provided DDD with recent ninth circuit

[1] Disability Rights Washington was formerly known as Washington Protection and Advocacy System. This agreement was entered into prior to that name change and therefore the agreement references Plaintiff under its old acronym, WPAS.

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

case law, directly on point, as well as federal regulatory guidance to support its request. *See* Exhibits E and G, citing *Disability Law Center of Alaska, Inc. v. Anchorage School Dist.*, 581 F.3d 936 (9th Cir. 2009) (holding P&A Acts authorize access to otherwise confidential information indentifying people with disabilities and their guardians); *see also* 42 C.F.R. § 51.43; 45 C.F.R. § 1386.22(i).

56. Defendants failed to provide any support for its narrow reading of the P&A Acts, which they incorrectly assert limit protection and advocacy systems to investigating abuse and neglect of only identified individuals.

57. Third, Disability Rights Washington does not consider the harm current DDD clients will sufferer from termination of their necessary Medicaid services to be merely speculative. The unfortunate reality is that due to DDD's categorical exclusion of certain diagnoses under the other conditions criteria, there is nothing speculative about individuals being terminated as a result of their particular diagnosis.

58. The department maintains a list of diagnoses that are excluded from consideration for the purposes of qualifying under the other condition category. With respect to future terminations, Disability Rights Washington has requested the names and contact information of only those individuals who previously used one of the now disqualified diagnoses to be found eligible in the past, as these individuals will be terminated if they are ever reassessed.

59. Each of these individuals will be terminated at some point.

60. Once again, DDD provided no legal authority for the limitation it has read into the P&A Acts.

61. On December 28, 2011 DDD mailed a letter to Disability Rights Washington, which was received on January 3, 2012. A true and correct copy is attached as Exhibit H. The

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

letter stated that since it did not consider Disability Rights Washington's request to be appropriate under the protection and advocacy Acts, DDD was going to treat the request as a request under the Washington State Public Records Act. In this letter, DDD went on to deny Disability Rights Washington's request under state law.

62. On December 27th, Disability Rights Washington reiterated its request for the names and contact information of individuals affected by the categorical exclusions.

63. Despite the federal statutes which provides Disability Rights Washington access to the requested information within three business days from the initial written request, Disability Rights Washington granted Defendants an additional three days to provide the information. Defendants did not provide the requested names and contact information or any legal authority for its continued denial of access to the information.

64. As a result of Defendants' refusal to follow federal law, DRW has been denied access to conduct a full and meaningful investigation and has been unable to fulfill its federal mandate to investigate possible abuse and neglect of individuals with developmental disabilities.

65. Defendants have been made aware of Disability Rights Washington's federal authority to obtain a list of names and contact information for a group of individuals and their guardians, when Disability Rights Washington has determined there is probable cause to suspect possible abuse or neglect of that group of individuals.

66. Defendants' acts frustrate the congressionally mandated functions and duties of the protection and advocacy system. As described in the foregoing paragraphs, Plaintiff attempted, on multiple occasions, to resolve its access issue with the Defendants. These attempts have proven unsuccessful.

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

67. Plaintiff has suffered and continues to suffer direct and irreparable injury to its statutory interests in investigating abuse and neglect.

68. Plaintiff has standing to bring this action on its own behalf, because the refusal of access by defendants constitutes an injury in fact to Plaintiff's legally-protected interests. This injury is concrete, particularized, actual, and imminent. There is a causal relationship between the injury and Defendants' challenged conduct, and a favorable decision by this Court will address the injury.

69. Plaintiff has no adequate remedy at law.

## V. CLAIMS

70. Violation of DRW's Rights under 42 U.S.C. §1983; 42 U.S.C. §§ 10541, *et seq.*, 42 U.S.C. §§ 10801 *et seq.*, and 29 U.S.C. § 794e.

## VI. PRAYER FOR RELIEF

71. Wherefore, plaintiff Disability Rights Washington respectfully prays to the Honorable Court for the following relief:

A. For an Order assuming Jurisdiction over this case;

B. For an order declaring that Defendant's actions and inactions, as described herein, violate Plaintiff's rights under 42 U.S.C. §1983, 42 U.S.C. § 15041, *et seq*., and the regulations promulgated thereto;

C. For an Order directing Defendant to immediately provide plaintiff Disability Rights Washington with the names and contact information of individuals affected by the categorical exclusions, as well as the names and contact info5rmation of any guardians those individuals may have;

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

D. For an Order directing Defendant to adhere to the P&A Acts in responding to Disability Rights Washington's access requests;

E. For an Order directing Defendant to pay Plaintiff's reasonable attorney fees and costs associated with enforcing Plaintiff's rights in this action; and

F. For an Order granting Plaintiff such other and further relief as this Court deems just and proper.

Dated this 5th day of January, 2011.

Respectfully Submitted,

DISABILITY RIGHTS WASHINGTON

By: *s/David Carlson*

David R. Carlson, WSBA # 35767
Disability Rights Washington
315 Fifth Avenue South, Suite 850
Seattle, WA 98104
(206) 324-1521

Attorney for Plaintiff