UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DISABLY RIGHTS WASHINGTON,<br><br>                Plaintiff,<br><br>vs.<br><br>LINDA ROLFE, in her official capacity as Director of Division of Developmental Disabilities, and WASHINGTON DIVISION OF DEVELOPMENTAL DISABILITIES,<br><br>                Defendants. | No. 12-cv-05004<br><br>MOTION AND MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINIING ORDER/PRELIMINARY INJUNCTION<br><br>**ORAL ARGUMENT REQUESTED**<br><br><u>**Noted on Motion Calendar for TRO:**</u><br>    **To be set by Court** |

## I. <u>MOTION</u>

Plaintiff, by and through its counsel of record, David Carlson, moves this honorable court for immediate preliminarily injunctive relief directing Defendants to provide Plaintiff with a list containing the name and contact information of individuals who:

1. have been denied Division of Developmental Disabilities (DDD) services under the "other conditions" category because their condition was rejected for consideration of eligibility by DDD's Other Condition Determination Committee;

2. have been terminated from DDD services under the "other conditions" category because their condition was rejected for consideration of eligibility by DDD's Other Condition Determination Committee;

MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A TEMPORARY
RESTRAINIING ORDER/PRELIMINARY INJUNCTION - 1
Case No. 12-cv-05004

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ・ Fax: (206) 957-0729

    3. are currently eligible for DDD services under the "other conditions" category but will lose services upon their next eligibility review because their condition was subsequently rejected for consideration of eligibility by DDD's Other Condition Determination Committee;

    4. are the legal guardians of the above individuals.

As required by the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § 15041, *et seq.*, and the regulations promulgated thereto, the Protection and Advocacy for Individuals with Mental Illness Act, 42 U.S.C. § 10801, *et seq.*, and the regulations promulgated thereto, and the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e *et seq.*, and the regulations promulgated thereto.

This motion is based on the pleadings filed herein, the following legal support, and exhibits attached hereto.

## II.    <u>INTRODUCTION</u>

Plaintiff seeks preliminary injunctive relief pursuant to Fed. R. Civ. P. 65(a) to gain immediate access to information requested from the Division of Developmental Disabilities. (DDD). As the designated Protection and Advocacy system ("P&A System") for Washington State, Disability Rights Washington (DRW) operates under federal mandates to protect and advocate on behalf of persons with disabilities. Disability Rights Washington must be allowed to fulfill its federal mandate to provide protection and advocacy services which include, but are not limited to the investigation of allegations of abuse and neglect of people with disabilities.

Disability Rights Washington requested the names and contact information individuals who may be abused or neglected by Defendant's decision to terminate the individuals' services without consideration of the individuals' continued need for the services. The request for

MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A TEMPORARY
RESTRAINIING ORDER/PRELIMINARY INJUNCTION - 2
Case No. 12-cv-05004

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

information was made pursuant to the authority granted to Disability Rights Washington by Congress through the Developmental Disabilities Assistance and Bill of Rights Act ("DD Act"), 42 U.S.C. § 15041, *et seq.*, the Protection and Advocacy for Individuals With Mental Illness Act ("PAIMI Act"), 42 U.S.C. § 10801, *et seq.*, and the Protection and Advocacy for Individual Rights Act ("PAIR Act") 29 U.S.C. § 794e, and the regulations promulgated pursuant to the above referenced Protection and Advocacy Acts (P&A Acts). Defendants' refusal to abide by the requirements of these federal laws irreparably harms Disability Rights Washington's ability to fulfill its federal mandate to protect and advocate for the rights of people with disabilities in Washington.

## III.  FACTS

There are multiple ways one can show he or she is eligible for DDD services. Due to reports Disability Rights Washington has received and information it has obtained, it has probable cause to believe the eligibility category listed as "other conditions," is now illusory for a vast number of individuals who were previously eligible. DDD maintains a list of disabilities which are categorically excluded from being considered under the "other conditions" eligibility category. A true and correct copy is attached as Exhibit A. Such categorical exclusions do not conform with federal anti-discrimination and Medicaid law.

In light of the potential for repeated and egregious violations of legal rights stemming from Defendants' discriminatory eligibility practices and the likelihood of extreme irreparable harm experienced by applicants when Defendants withhold necessary services, Disability Rights Washington determined it had probable cause to suspect possible abuse and neglect of individuals with developmental disabilities affected by Defendants' categorical exclusions.

MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A TEMPORARY
RESTRAINIING ORDER/PRELIMINARY INJUNCTION - 3
Case No. 12-cv-05004

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

On December 21, 2011, Disability Rights Washington requested the names and contact information of individuals affected by Defendants' categorical exclusion based upon diagnosis. Disability Rights Washington also requested the name and contact information of any guardians for those individuals. This written request for access cited legal authority, including specific support for the release of names and contact information for individuals with whom the protection and advocacy system was not yet in direct contact, but who are affected by potentially abusive or neglectful policies or practices. ECF No. 1, Exhibit E.

On December 23, 2011, Defendants wrote to indicate they were denying Disability Rights Washington's request. ECF No. 1, Exhibit F. The denial of access provided three rationales:

1) DDD asserts that the access agreement between Disability Rights Washington and DDD prevents the department from disclosing the names of individuals who are not current DDD clients.

2) DDD asserts that the access authority provided by the DD Acts is limited to individuals with whom Disability Rights Washington has a relationship.

3) DDD asserts that it is not required to provide information about individuals who will be terminated at their next review, because the department believes the likelihood for termination is speculative and thus the request is premature.

On December 27, 2011, Disability Rights Washington provided a written reply to each of DDD's reasons for not providing the requested names and contact information.ECF No. 1, Exhibit G.

First, Disability Rights Washington pointed out to DDD that the agreement referenced in DDD's letter is merely intended to operationalize the provisions of the DD Act. The agreement

itself acknowledges that it does not limit the authority and obligations generated by the Act in any way. Access Agreement Between WPAS[1] and DDD § I.B. A true and correct copy is attached as Exhibit B. Nowhere does federal law limit the duty of disclosure of information to entities currently serving the individual.

Second, in both its December 21st and 27th letters, Disability Rights Washington explained to DDD that its access authority is not limited to individuals with which it has established a relationship. Disability Rights Washington provided DDD with recent Ninth Circuit case law, directly on point, as well as federal regulatory guidance to support its request. *See* ECF No. 1, Exhibits E and G, citing *Disability Law Center of Alaska, Inc. v. Anchorage School Dist.*, 581 F.3d 936 (9th Cir. 2009) (holding P&A Acts authorize access to otherwise confidential information indentifying people with disabilities and their guardians); 42 C.F.R. § 51.43; 45 C.F.R. § 1386.22(i). Defendants failed to provide any support for its narrow reading of the P&A Acts, which they incorrectly assert limits protection and advocacy systems to investigating abuse and neglect of only identified individuals.

Third, Disability Rights Washington does not consider the harm current DDD clients will sufferer from termination of their necessary Medicaid services to be merely speculative. The unfortunate reality is that due to DDD's categorical exclusion of certain diagnoses under the "other conditions" criteria, there is nothing speculative about individuals being terminated as a result of their particular diagnosis. Defendants maintain a list of diagnoses that are excluded from consideration for the purposes of qualifying under the "other conditions" category. Exhibit A. With respect to future terminations, Disability Rights Washington has requested the names

---

[1] Disability Rights Washington was formerly known as Washington Protection and Advocacy System. This agreement was entered into prior to that name change and therefore the agreement references Plaintiff under its old acronym, WPAS.

and contact information of only those individuals who previously used one of the now disqualified diagnoses to be found eligible in the past, as these individuals will be terminated the next time they are reassessed. By operation of DDD's policy, each of these individuals would be terminated during one of the periodic eligibility reassessments DDD conducts. Once again, Defendants provided no legal authority for the limitation it has read into the P&A Acts.

On December 27th, Disability Rights Washington reiterated its request for the names and contact information of individuals affected by the categorical exclusions. Despite the federal statutes which provide Disability Rights Washington access to the requested information within three business days from the initial written request, Disability Rights Washington granted Defendants an additional three days to provide the information. Disability Rights Washington then emailed a copy of the complaint it intended on filing if the information was not provided, and granted Defendants an additional day to produce the information. A true and correct copy is attached as Exhibit C. Defendants did not provide the requested names and contact information or any legal authority for its continued denial of access to the information.

As a result of Defendants' refusal to follow federal law, DRW has been denied access to conduct a full and meaningful investigation and has been unable to fulfill its federal mandate to investigate possible abuse and neglect of individuals with developmental disabilities. Defendants have been made aware of Disability Rights Washington's federal authority to obtain a list of names and contact information for a group of individuals and their guardians when Disability Rights Washington has determined there is probable cause to suspect possible abuse or neglect of that group of individuals.

Defendants' acts frustrate the congressionally mandated functions and duties of the protection and advocacy system. As described in the foregoing paragraphs, Plaintiff attempted,

MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A TEMPORARY
RESTRAINIING ORDER/PRELIMINARY INJUNCTION - 6
Case No. 12-cv-05004

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ᐧ Fax: (206) 957-0729

on multiple occasions, to resolve its access issue with the Defendants. These attempts have proven unsuccessful. Plaintiff has suffered and continues to suffer direct and irreparable injury to its statutory interests in investigating abuse and neglect. Plaintiff has standing to bring this action on its own behalf, because the refusal of access by defendants constitutes an injury in fact to Plaintiff's legally-protected interests. This injury is concrete, particularized, actual, and imminent. There is a causal relationship between the injury and Defendants' challenged conduct, and a favorable decision by this Court will address the injury. Plaintiff has no adequate remedy at law.

## IV. <u>ARGUMENT</u>

### A. The Plaintiff meets the Requirements for a Preliminary Injunction

In order for a preliminary injunction to issue, the Court must determine that (1) plaintiff has exhibited a strong likelihood of success on the merits; (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted; (3) such a balance of hardships favoring the plaintiff; and (4) advancement of the public interest. *National Resources Defense Council, Inc v. Winter*, 518 F.3d 658 (9th Cir. 2007). Plaintiff meets these requirements for a preliminary injunction.

*1. DRW is Likely to Succeed on the Merits of its Claim that Defendants are Legally Required to Provide the Requested Names and Contact Information.*

DRW, as the P&A System for Washington State, has a right to access contact information it needs to conduct a full and meaningful investigation. In response to the inhumane and despicable conditions at New York's Willowbrook State School and other similar facilities, Congress enacted the Developmental Disabilities Assistance and Bill of Rights Act of 1975 (DD Act) to protect the human and civil rights of this population. 42 U.S.C. § 6000 *et seq*. As an

MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A TEMPORARY
RESTRAINIING ORDER/PRELIMINARY INJUNCTION - 7
Case No. 12-cv-05004

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ・ Fax: (206) 957-0729

integral component of this Act, P&A Systems were established to ensure that these protections became a reality.

There are two other acts, the Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act and the Protection and Advocacy of Individual Rights (PAIR) Act which are to be read coextensively with the DD Act. See S. Rep. 454, 100th Cong., 2d Sess. 10 (1988); S. Rep. 109, 99th Cong., 1st Sess. 3 (1986); S. Rep. 113, 100th Cong, 1st Sess. 24 (1987). The case law and regulations interpreting the scope of one P&A program's access authority is equally applicable with respect to the interpretation of the counterpart provisions in a sister program. *See Robins v. Budke*, 739 F. Supp. 1479 (D. N.M. 1990) (Court deciding a PAIMI case relied on another district court decision involving a DD Act case.) *See also* 42 C.F.R. § 51.31. Similar to the DD Act, the PAIMI Act was passed following Congressional hearings and investigations, which substantiated numerous reports of abuse and neglect of individuals with mental illness, and the PAIR Act was created to provide the same access authority provided by the DD Act, including access to records and otherwise confidential information, in order to serve persons with disabilities who are not eligible under either the DD or PAIMI Acts. 29 U.S.C. § 794e(f)(2).

When Congress enacted the P&A Acts, it found that individuals with developmental disabilities and mental illness were vulnerable to abuse and neglect and are often unserved or under served. 42 U.S.C. §§ 10801, 15001. As an example, Congress found, that a "substantial portion of individuals with developmental disabilities and their families do not have access to appropriate supports", and even though "they often require lifelong community services, individualized supports, and other forms of assistance" many people "are waiting for appropriate services in their communities". 42 U.S.C. § 15001 (6), (7), (14). Each P&A system is mandated under the P&A Acts, to investigate and remedy abuse and neglect of persons with mental,

MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A TEMPORARY
RESTRAINIING ORDER/PRELIMINARY INJUNCTION - 8
Case No. 12-cv-05004

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ᐧ Fax: (206) 957-0729

developmental, sensory, and physical disabilities, and provide them with legal representation and advocacy services. *See e.g.*, 42 U.S.C. § 15043(a)(2)(A)-(B).

Courts have uniformly held that each P&A System must operate effectively, and with broad discretion and independence in gaining access to individuals, facilities, information, and records for investigative purposes. *See*, *e.g. Center for Legal Advocacy v. Hammons*, 323 F.3d 1262 (10th Cir. 2003); *Pennsylvania Protection and Advocacy, Inc. v. Houstoun*, 228 F.3d 423 (3rd Cir. 2000); *Alabama Disabilities Advocacy Program* v. *J.S. Tarwater Developmental Center*, 894 F. Supp. 424 (M.D. Ala. 1995), *aff'd* 97 F.3d 492 (11th Cir.1996); *Mississippi Protection & Advocacy System, Inc.* v. *Cotten*, 1989 WL 224953 (S.D. Miss. 1989), *aff'd,* 929 F.2d 1054 (5th Cir 1991); *Robbins* v. *Budke* 739 F. Supp. 1479 (D.N.M. 1990); *Michigan Protection & Advocacy Service, Inc. v. Miller*, 849 F. Supp. 1202 (W.D. Mi 1994); *Maryland Disability Law Center, Inc. v. Mount Washington Pediatric Hospital, Inc.* 106 Md. App. 55, 664 A. 2d 16 (Md. Ct. of Special App. 1995).

When a P&A System's right to access information pursuant to one of the P&A Acts is denied, the P&A System has an express private right of action in federal court to enforce the its rights under the Acts. *Hawaii Disability Rights Center v. Cheung,* 513 F. Supp.2d 1185 (D. Hawai'i, 2007) (holding the "plain language" of the DD Act and its supporting regulations "suggest that Congress intended to grant P&A Systems a private right of action to enforce the DD Act and pursue remedies in federal court, among other forums.)

Here, Disability Rights Washington was denied access to the names and contact information of individuals, and their respective guardians where applicable, whom Disability Rights Washington has probable cause to believe may be abused or neglected by Defendants actions. Probable cause is "a reasonable ground for belief that an individual with a

MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A TEMPORARY
RESTRAINIING ORDER/PRELIMINARY INJUNCTION - 9
Case No. 12-cv-05004

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ・ Fax: (206) 957-0729

developmental disability or mental illness has been, or may be, subject to abuse or neglect. 45 C.F.R. § 1386.19. 42 U.S.C. § 1080. The individual making such determination may base the decision on reasonable inferences drawn from his or her experience or training regarding similar incidents, conditions or problems that are usually associated with abuse or neglect. *Id*. The P&A System, not the defendants, is "the final arbiter of probable cause for the purpose of triggering its authority to access all records for an individual that may have been subject to abuse or neglect." *Arizona Center for Disability Law v. Allen*, 197 F.R.D. 689, 695.

When a P&A System has probable cause to believe a group of individuals is subject to abuse or neglect, it must be given the name and contact information of all individuals, and their guardians, whom are affected by the actions in question so that the P&A System may seek the individuals' consent to access records and additional confidential information in order to conduct a full investigation. 45 C.F.R. § 1386.22(i) *see also*, *Disability Law Center of Alaska, Inc. v. Anchorage School Dist.*, 581 F.3d 936, 939 (9th Cir. 2009); *Office of Protection and Advocacy v. Hartford Transitional Learning Academy*, 355 F. Supp.2d 649 (D. Conn. 2005), *aff'd on other grounds*, 464 F.3d 229 (2nd Cir. 2006); *Disability Rights Wisconsin, Inc. v. State of Wisconsin Dept. of Public Instruction*, 463 F.3d 719 (7th Cir ,2006) *Georgia Advocacy Office v. Borison*, 520 S.E.2d 701 (1999). The DD Act regulations specifically state that:

> If a system is denied access to facilities and its programs, individuals with developmental disabilities, or records covered by the Act it shall be provided promptly with a written statement of reasons, including in the case of a denial for alleged lack of authorization, the name and address of the legal guardian, conservator, or other legal representative of an individual with developmental disabilities.

45 C.F.R. § 1386.22(i).

The Ninth Circuit has also ruled on this specific issue. *Disability Law Center of Alaska, Inc. v. Anchorage School Dist.*, 581 F.3d 936 (9th Cir. 2009). There, the P&A system in Alaska

MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A TEMPORARY
RESTRAINIING ORDER/PRELIMINARY INJUNCTION - 10
Case No. 12-cv-05004

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

wanted to investigate possible abuse and neglect in a classroom in which students with disabilities were taught. The P&A requested information regarding the class, its students, its staff, and any relevant school district investigations. The school district provided most of the requested information but refused to provide contact information for the students' guardians or legal representatives. *Id* at 939. The Ninth Circuit rejected the school districts argument that it did not need to produce the list of names where the school disagreed with the P&A over the sufficiency of probable cause and federal education privacy laws. *Id*.

Similarly, in 2009 Disability Rights Washington requested the names and contact information of all individuals, and their guardians, who receive service from a private residential treatment setting in which Disability Rights Washington had probable cause to suspect possible abuse or neglect of members of the group. The Honorable Judge Quackenbush granted a permanent injunction which requires the provider and its owner and agents to,

> follow the federal Protection and Advocacy Acts and their implementing regulations. 42 U.S.C. § 15041, et seq.; 42 U.S.C. § 10801, et seq.; 29 U.S.C. § 794e. The Defendants are permanently enjoined from impeding Disability Rights Washington's lawful, appropriate access and requests for access to provide federally mandated protection and advocacy services which include investigations of abuse or neglect, monitoring of resident conditions, provision of information and referral services, and other advocacy services as authorized by the Protection and Advocacy Acts."

*Disability Rights Washington v. Penrith Farms,* Slip Copy, 2009 WL 3245110 (E.D. Wash. 2009).

The authority for a P&A System to get a list of names and contact information is not a new concept in the jurisprudence of P&A Acts. In 1999, the Georgia Court of Appeals ruled that the P&A system had the right to access records of thousands of subjects of fraudulent drug studies. *Georgia Advocacy Office v. Borison*, 520 S.E.2d 701 (1999). Although the P&A did not have knowledge of the identity of any of the individuals in the drug study or even whether any

MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A TEMPORARY
RESTRAINIING ORDER/PRELIMINARY INJUNCTION - 11
Case No. 12-cv-05004

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

particular individual had a disability, the court ruled that the P&A System clearly had probable cause to investigate further and was entitled to a list of the participants and their contact information. *Id. See also, Office of Protection and Advocacy v. Hartford Transitional Learning Academy*, 355 F. Supp.2d 649 (D. Conn. 2005), *aff'd on other grounds*, 464 F.3d 229 (2nd Cir. 2006) (granting P&A a list of students due to possible systemic abuse and neglect). *Disability Rights Wisconsin, Inc. v. State of Wisconsin Dept. of Public Instruction*, 463 F.3d 719 (7th Cir. 2006) (holding P&A is not required to obtain authorization from students' guardians before it could learn names of students placed in seclusion room).

There is clear legal authority providing P&A Systems access to lists of names of individuals who may have been subject to abuse or neglect where such abuse or neglect is being investigated by the P&A System. Disability Rights Washington, therefore, is likely to succeed on the merits, and continued denial of access irreparably harms Disability Rights Washington.

> *2. DRW and the individuals for whom DRW has probable cause are being abused or neglected will continue to suffer irreparable harm if DRW does not receive the information.*

Denying a P&A access to records constitutes irreparable harm because "the P&A is being prevented from pursuing fully its right to access records…in pursuit of its duty to investigate circumstances providing probable cause to believe abuse or neglect may be occurring." *Iowa Protection and Advocacy Services, Inc. v. Rasmussen*, 206 F.R.D. 630, 635 (S.D. Iowa, 2001); *See also*, *Wisconsin Coalition for Advocacy, Inc. v. Czaplewski*, 131 F. Supp.2d 1039, 1051 (E.D. Wisc. 2001); *Advocacy Center v. Stalder*, 128 F. Supp.2d 358, 367-68 (M.D. La. 1999). As a result of Defendants' refusal to release the contact information requested, DRW's federal a P&A mandate is frustrated. If the information is not turned over, DRW cannot conduct a full investigation. *See Wisconsin Coalition for Advocacy, Inc. v. Czaplewski*, 131 F. Supp.2d, 1051.

MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A TEMPORARY
RESTRAINIING ORDER/PRELIMINARY INJUNCTION - 12
Case No. 12-cv-05004

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ∙ Fax: (206) 957-0729

As noted in *Advocacy Inc. v. Tarrant County Hospital District*, 2001 WL 1297688, 4 (N.D. Tex, 2001) when access is died or restricted,

> the mandatory provisions relating to authority to investigate incidents of abuse and neglect are rendered nugatory. *Mississippi Prot. & Advocacy Sys., Inc. v. Cotton*, 929 F.2d 1054, 1059 (5th Cir. 1991). This not only hampers redress of past and current abuse and neglect, but has a detrimental effect on the advocacy agency's future performance of its statutory mandate. *Id.* … Timely access to records is essential for effective communication, *Robbins v. Budke*, 730 F. Supp. 1479 (D.N.M. 1990), and access to patient records is necessary for the P&A system to serve its clients, evaluate client concerns, and determine whether a client has a legal claim.

*Id.*

In addition to the harm DRW will suffer directly, individuals who are denied services or lose the services they have received for years as a result of Defendants' categorical diagnosis based exclusions may continue to be irreparably harmed by possible unchecked abuse and neglect. The sooner Disability Rights Washington's the investigation can take place, the sooner Disability Rights Washington can determine whether abuse and neglect is resulting from the Defendants' practices, and advocate to end any abuse or neglect that may be substantiated.

  3.  *The Balance of Hardships Favors Disability Rights Washington*

As described above, the P&A Acts require disclosure of the names and contact information. Moreover, denial or restriction of access prevents Disability Rights Washington from being an effective P&A System and frustrates Congress's intended mandate that Disability Rights Washington conduct full independent investigations. *See*, *e.g. Center for Legal Advocacy v. Hammons*, 323 F.3d 1262 (10th Cir. 2003); *Pennsylvania Protection and Advocacy, Inc. v. Houstoun*, 228 F.3d 423 (3rd Cir. 2000); *Alabama Disabilities Advocacy Program* v. *J.S. Tarwater Developmental Center*, 894 F. Supp. 424 (M.D. Ala. 1995), *aff'd* 97 F.3d 492 (11th Cir. 1996); *Mississippi Protection & Advocacy System, Inc.* v. *Cotten*, 1989 WL 224953 (S.D.

MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A TEMPORARY
RESTRAINIING ORDER/PRELIMINARY INJUNCTION - 13
Case No. 12-cv-05004

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ᐧ Fax: (206) 957-0729

Miss. 1989), *aff'd,* 929 F.2d 1054 (5th Cir 1991); *Robbins* v. *Budke* 739 F. Supp. 1479 (D. N.M. 1990); *Michigan Protection & Advocacy Service, Inc. v. Miller*, 849 F. Supp. 1202 (W.D. Mi 1994); *Maryland Disability Law Center, Inc. v. Mount Washington Pediatric Hospital, Inc.* 106 Md. App. 55, 664 A. 2d 16 (Md. Ct. of Special App. 1995).

There is no argument to be made that the state would be harmed by complying with a federal law which requires it provide the names and contact information of individuals to the P&A System so that the P&A System may contact the individuals to inquire as to whether they would like the P&A System to conduct a lawful investigation of possible abuse or neglect.

In correspondence with Disability Rights Washington, Defendants incorrectly claim they cannot provide the information because they have a legal obligation under the Health Insurance Portability and Accountability Act (HIPAA) to keep the information confidential. ECF No. 1, Exhibit H. HIPAA itself provides that protected information may be disclosed when otherwise required by law. 45 C.F.R. § 164.512(a). The United State Department of Health and Human Services which oversees compliance with HIPAA as well as the DD and PAIMI Acts has given further guidance which reaffirms the need of entities covered by HIPAA to cooperate with P&A investigations and not use HIPAA "as a reason not to comply with its other legal obligations." http://www.hhs.gov/hipaafaq/permitted/require/909.html. A true and correct copy is attached as Exhibit D. Additionally, federal courts have confirmed that P&A Systems are allowed access under the "required by law" exception to HIPAA. *Ohio Legal Rights Service v. The Buckeye Ranch, Inc. et al*, 365 F. Supp.2d 877 (S.D. Ohio 2005); *Protection and Advocacy System, Inc. v. Freduenthal*, 412 F. Supp.2d 1211, 1218 (D. Wy. 2006). Therefore, Defendants are bound by P&A Acts to provide the information when requested by the P&A system and there is no legal hardship in disclosing the information.

MOTION AND MEMORANDUM OF LAW IN SUPPORT OF  
PLAINTIFF'S MOTION FOR A TEMPORARY  
RESTRAINIING ORDER/PRELIMINARY INJUNCTION - 14  
Case No. 12-cv-05004

Disability Rights Washington  
315 5th Avenue South, Suite 850  
Seattle, Washington  98104  
(206) 324-1521 ∙ Fax: (206) 957-0729

*4. The Public Interest Will be Furthered, Not Harmed, by Granting DRW Access to the Records and Contact Information.*

Congress drafted the P&A Acts because of concern it had over abuse and neglect of individuals with disabilities. *See* Supra pp. 7-9. As the court noted in *Iowa Protection and Advocacy v. Rasmussen*, "(t)o shield from independent review valuable records of this type of appraisal would directly contradict the expressly stated public policy of Congress." 206 F.R.D. at 635. Therefore, Defendants' denial of DRW's request for names and contact information undermines long established public interest which outweighs any potential harm to Defendants.

## V. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests this Court issue a preliminary injunction requiring the Division of Developmental Disabilities and its director, Linda Rolfe, to provide Disability Rights Washington with the names, addresses, and telephone numbers of persons who have had their DDD services denied or terminated under the "other conditions" category because their condition was rejected for consideration for eligibility by DDD's Other Condition Determination Committee or who are currently eligible for DDD services under the "other conditions" category but will lose services upon their next eligibility review because their condition has been rejected for consideration of eligibility by DDD's Other Condition Determination Committee. Plaintiffs asks for the names, addresses, and telephone numbers of any guardians those individuals may have. Plaintiff also requests this that Court issue an injunction forbidding Defendants from further impeding Disability Rights Washington's investigation as it develops.

//
//
//
//

MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A TEMPORARY
RESTRAINIING ORDER/PRELIMINARY INJUNCTION - 15
Case No. 12-cv-05004

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

Dated this 5th day of January, 2012.

        Respectfully Submitted,

        DISABILITY RIGHTS WASHINGTON

        s/David R. Carlson
        David R. Carlson, WSBA #35767
        Attorney for Plaintiff

MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A TEMPORARY
RESTRAINIING ORDER/PRELIMINARY INJUNCTION - 16
Case No. 12-cv-05004

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729